IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

BART BURTON,                    )
                                )
         Plaintiff,             )    Case No. 1:10-cv-00109
                                )    Judge Campbell / Knowles
v.                              )
                                )
JOSH TAYLOR, et al.,            )
                                )
         Defendants.            )

**REPORT AND RECOMMENDATION**

**I. Introduction and Background**

Pending before the Court is Defendant Trooper Joshua Taylor's Motion to Dismiss Amended Complaint. Docket No. 36. Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 37.

Plaintiff has not responded to Defendant's Motion to Dismiss Amended Complaint.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42. U.S.C. §1983, alleging that Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights during his arrest and subsequent incarceration on November 16, 2009. *See* Docket No. 1, Complaint, and Docket No. 35, Amended Complaint. Plaintiff sues all Defendants in their individual capacities only.[1] *Id.* Plaintiff seeks compensatory and punitive damages, as well as any other relief to which Plaintiff may be entitled. *Id.*

Defendant Taylor contends that Plaintiff's claims against him must be dismissed because

---

[1] Defendant Taylor is the only party to the instant Motion to Dismiss.

1

this action is untimely, as it was filed one year and one day after the alleged incident occurred, and because Plaintiff's amended claims are insufficient as a matter of law.  Docket No. 37.

For the reasons discussed below, the undersigned recommends that Defendant's Motion to Dismiss be DENIED.

**II.  Allegations of Plaintiff's Amended Complaint Pertaining to Defendant Taylor**

The allegations of Plaintiff's Amended Complaint against Defendant Taylor, in their entirety, as follows:

> 12.  The arrest was made about noon, when, without warning an Alabama state trooper JOSH TAYLOR knocked plaintiff to the floor, then effected severe injury when he shot the plaintiff in his upper chest with a high-powered Taser gun which caused plaintiff to be impaled with deep penetrating metal prongs.
>
> 13.  As plaintiff laid on floor, offering no resistance, one of the arresting officers set out kicking plaintiff in the upper body area, while the state trooper administered two more unnecessary high-voltage electrical shocks.
>
> . . .
>
> 21.  During these events the plaintiff did not resist or threaten the trooper or local police officers in any fashion.
>
> 22.  During these events all defendants refused to acknowledge that the metal prongs from the initial Taser shot were still protruding from his upper torso.

Docket No. 35.

### III.  Analysis

**A.  Standard of Review:  Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a

2

complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

Moreover, in considering a Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must accept Plaintiff's factual allegations as true, and draw all reasonable inferences in Plaintiff's favor. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); In Re: Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997).

## B.  42 U.S.C. § 1983

Plaintiff alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983.  *See* Docket Nos. 1, 35.  Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  The traditional definition of acting under color of state law requires that the defendant in a §1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v.*

*Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C.  The Case at Bar**

Plaintiff, in his Amended Complaint, essentially alleges that Defendant Taylor used excessive force in effecting his arrest on November 16, 2009.  Docket No. 35.  Specifically, Plaintiff avers that Defendant knocked him to the floor and tasered him.  *Id.*, ¶12.  Plaintiff additionally avers that Defendant administered two more shocks after Plaintiff was on the floor and offering no resistance.  *Id.*, ¶13.  Plaintiff further avers that he did not resist or threaten Defendant in any fashion, and that Defendant refused to acknowledge that the metal prongs from the initial Taser shot were still protruding from his torso.  *Id.*, ¶¶21-22.  Thus, Plaintiff has sufficiently stated a claim against Defendant Taylor.

Defendant also contends that this action must be dismissed because it was untimely, as it was filed one year and one day after the incident.  Docket Nos. 36, 37.  Defendant argues that Plaintiff's claims cannot be saved because the November 16, 2009 arrest was not an ongoing event that could invoke a tolling of the one-year statute of limitations, and because Plaintiff has adduced no evidence to invoke the prisoner's mailbox rule.[2]  *Id.*  While Defendant is correct that Plaintiff's arrest is not an on-going event that could invoke a tolling of the one-year statute of limitations, Defendant is not correct that Plaintiff cannot appropriately avail himself of the prisoner's mailbox rule.

The envelope containing Plaintiff's Complaint is post-marked November 12, 2010.  *See* Docket No. 1-1.  The November 12, 2010 post-mark clearly evinces that Plaintiff gave his

---

[2] Under *Houston v. Lack,* 487 U.S. 266 (1988), Defendant's Complaint is deemed filed on the day he delivered it to prison authorities for forwarding to this Court.

5

Complaint to prison officials to be mailed before the one year statute of limitations had run. Accordingly, Plaintiff's Complaint was timely and his claims are not time-barred.

### IV. Conclusion

For the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge